| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| MICHAEL TILLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:12-CV-367 |
| § | |
| PAUL TISDALE d/b/a GREEN LIGHT § | |
| MUSIC, YOUNG MONEY RECORDS § | |
| ENTERTAINMENT, LLC, CASH MONEY § | |
| RECORDS, INC., and UNIVERSAL MUSIC § | |
| GROUP, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Michael Tilley's ("Tilley") Motion for Remand (#8). Tilley argues that the court lacks subject matter jurisdiction of this action because Defendants Cash Money Records, Inc. ("Cash Money Records") and Universal Music Group, Inc. ("Universal Music") did not obtain consent from all properly joined and served defendants and Tilley's original petition does not present a question arising under federal law. Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that remand is warranted.

I.  Background

On June 20, 2012, Tilley filed his original petition in the 136th Judicial District Court of Jefferson County, Texas, asserting claims for breach of contract, conversion, tortious interference with contract, tortious interference with business relationship, breach of fiduciary duty, and conspiracy against Cash Money Records, Universal Music, Paul Tisdale d/b/a Green Light Music ("Tisdale"), and Young Money Records Entertainment, LLC (collectively, "Defendants"). On

July 24, 2012, Cash Money Records and Universal Music ("Removing Defendants") removed the case to federal court on the basis of federal question jurisdiction, contending that Tilley alleges violations of federal law. On August 23, 2012, Tilley filed a motion to remand the case to state court, maintaining that his claims rely solely on state law and that Removing Defendants failed to obtain consent from Tisdale.

There is no dispute that Cash Money Records and Universal Music were served on June 27, 2012. Whether Tisdale was properly served, however, is at issue in the instant motion. Tilley contends that service on Tisdale was perfected on July 14, 2012, while Removing Defendants aver that Tisdale was never properly served because the return of service was fatally defective. There are two returns of service in the record before the court, neither of which was included with the Notice of Removal because Removing Defendants contend that the returns did not appear on the state court's docket at the time of removal. In connection with Tilley's motion to remand, he attached a document filed in state court on July 20, 2012, by Lt. Joseph L. Toth ("Lt. Toth"), on behalf of Tisdale, requesting a stay under § 522 of the Service Member Civil Relief Act ("SMCRA").[1] Attached to the request was a partially-completed return of service ("first return of service"). In conjunction with his reply, however, Tilley included a second return of service from Jefferson County ("Jefferson County return of service"), evidencing service of Tisdale via certified mail on July 14, 2012. Removing Defendants challenge the validity of both returns of service.

---

[1] Although the state court's time stamp verifies that Lt. Toth's request was filed on July 20, 2012, Removing Defendants aver that the document did not appear on the docket at the time of removal.

II.  Analysis

   A.  Remand—Consent to Removal

The procedure for effectuating removal is set forth in 28 U.S.C. § 1446. *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000); *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Moreno Energy, Inc. v. Marathon Oil Co.*, __ F. Supp. 2d __, 2012 WL 3205618, at *3 (S.D. Tex. Aug. 3, 2012). Section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). In December 2011, § 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") to, *inter alia*, clarify the procedural requirements for removal.[2] *Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 3:12-CV-300, 2012 WL 2680667, at *2 (N.D. Tex. July 5, 2012); *see* Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760-61 (Dec. 7, 2011). The amended version codifies the court-created "rule of unanimity" and provides that in cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Adams v. Ford Motor Co.*, Civil Action No. 12-2168, 2012 WL

---

[2] The amendment became effective on January 6, 2012. *See* Pub. L. No. 112-63, § 105(d), 124 Stat. 758, 762. All cases filed prior to the effective date are governed by the pre-amendment statute. *See John M. Floyd & Assocs., Inc. v. Fiserv Solutions, Inc.*, No. 4:11-CV-306, 2012 WL 405485, at *1 (E.D. Tex. Feb. 8, 2012) (noting that the amendments "apply only to any actions commenced on or after January 6, 2012"). Because Tilley filed the instant action on June 20, 2012, the JVCA amendments apply.

5877957, at *2 (W.D. La. Nov. 20, 2012) (noting that § 1446(b)(2)(A) codified the rule of unanimity); *Penson Fin. Servs.*, 2012 WL 2680667, at *5 (same). Although the United States Court of Appeals for the Fifth Circuit traditionally followed the "First-Served Defendant Rule" established in *Getty Oil Corp.*,[3] § 1446, as amended by the JVCA, adopted the "Last-Served Defendant Rule." *See Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug, 15, 2012); *Penson Fin. Servs.*, 2012 WL 2680667, at *5 n.3. Accordingly, § 1446(b)(2)(B) states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

The Fifth Circuit has held that there must be a timely filed, written indication from each served defendant, or from some person purporting to act formally on the defendant's behalf and with the authority to do so, confirming that the defendant has actually consented to removal.[4] *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Getty Oil Corp.*, 841 F.2d at 1262 n.11; *see also Extreme Outdoors Ltd. v. Gary Yamamoto Custom Baits, Inc.*, No. H-08-1259, 2008 WL 2810874, at *4 (S.D. Tex. July 21, 2008); *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 640 (S.D. Miss. 2001); *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997). The failure to include all defendants properly joined and served in the state action renders the notice of removal defective. *See Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation*

---

[3] In *Getty Oil Corp.*, the Fifth Circuit held that "all served defendants must join in the petition no later than thirty days from the day on which the *first* defendant was served." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (emphasis added).

[4] The amendments to § 1446 do not affect the requirement that each defendant provide "some timely filed written indication of consent." *See, e.g.*, *Tircuit v. Nat'l Liab. & Fire Ins. Co.*, Civil Action No. 12-2423, 2012 WL 5877974, at *2 (E.D. La. Nov. 20, 2012); *Crowley v. Amica Mut. Ins. Co.*, Civil Action No. 12-775, 2012 WL 3901629, at *2 (E.D. La. Sept. 7, 2012).

*Servs.*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991); *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 165 (N.D. Tex. 1994).

District courts within the Fifth Circuit have closely adhered to the requirements for removal under § 1446. *See, e.g.*, *Louisiana v. Aspect Energy, LLC*, No. 2:11-CV-489, 2011 WL 3759754, at *2-3 (W.D. La. Aug. 23, 2011); *Extreme Outdoors Ltd.*, 2008 WL 2810874, at *4-5; *Rodriguez v. Nat'l R.R. Passenger Corp.*, 483 F. Supp. 2d 553, 558 (W.D. Tex. 2007). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994)); *see also Hertz Corp. v. Friend*, __ U.S. __, __, 130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "The removal

statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323. "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Harden v. Field Mem. Cmty. Hosp.*, 516 F. Supp. 2d 600, 606 (S.D. Miss. 2007) (citing *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09).

The consent requirements of § 1446(b), however, do not apply to defendants who have not been served with process. *See* 28 U.S.C. § 1446(b)(2)(B) ("[A]ll defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added). Thus, a defendant who has not been properly served need not consent to removal. *See id*.

B.  Tisdale Service

Removing Defendants assert myriad grounds in support of the contention that their removal was not procedurally defective. First, they argue that Tisdale was not properly served and, thus, his consent was not necessary to remove the case. The first return of service contains several empty blanks and undoubtedly fails to comply with the Texas Rules of Civil Procedure ("Texas Rules"). The Jefferson County return of service, however, was executed by a Jefferson County

6

constable and includes the mail receipt confirming that Tisdale was served via certified mail in Honolulu, Hawaii, on July 14, 2012. *See* TEX. R. CIV. P. 106 (a)(2) (permitting citation to be served by "certified mail, return receipt requested"). Aside from the argument that the Jefferson County return of service was not filed with the state court, which will be discussed below, Removing Defendants do not challenge the sufficiency of the return. Therefore, Tilley has presented sufficient evidence to demonstrate that Tisdale's return of service was not defective.

Next, Removing Defendants maintain that because the state court docket sheet did not display the Jefferson County return of service at the time of removal on July 24, 2012, Tilley failed to file the return of service, rendering service defective under Texas Rule 107(g). *See* TEX. R. CIV. P. 107(g) ("The return and any document to which it is attached must be filed with the court and may be filed electronically or by facsimile, if those methods of filing are available."). Removing Defendants, however, fail to proffer any evidence supporting this contention. It is unclear from the documentation submitted whether the Jefferson County return of service was filed in the state court. Rather, the exhibits before the court demonstrate that on July 20, 2012, four days prior to removal, the state court received and docketed a letter from Lt. Toth, on behalf of Tisdale, requesting a stay with the first return of service attached. Although the attached affidavit was not in fact the Jefferson County return of service, it is apparent that the Removing Defendants were on notice that Tisdale had been served prior to the date of removal.[5]

---

[5] The court also notes that the case cited by Removing Defendants and Texas cases discussing the filing rule do so to determine whether default judgment should be granted. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (discussing the requirement that service of citation appear on the record in order for a default judgment to withstand direct attack); *Campus Invs., Inc. v. Cullever*, 141 S.W.3d 641, 643 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (same). The court was unable to locate any cases plainly stating that service is not effected until the return is filed. Therefore, in addition to the lack of proof regarding whether the return was filed, the court rejects Removing Defendants' argument that Tisdale was not properly served.

In *Van Duzer v. Homecomings Fin., L.L.C.*, the court held that remand was proper given the "doubt-filled record" regarding when a non-consenting defendant was served. No. H-10-490, 2010 WL 3824630, at *3 (S.D. Tex. Sept. 27, 2010). In that case, the removing defendants stated in their notice of removal that "according to the records of the [county district court], no defendants have been served." *Id*. Despite this statement, there was proof attached to the removal that at least one defendant had been served. *Id*. Although the served defendant consented to removal, the court stated "the fact that the district court's records nonetheless reflected 'no defendants have been served,' as [removing defendant] represented, was sufficient to alert [removing defendant] not to rely on the clerk's records, which it had reason to know were not current and accurate, in ascertaining whether other defendants also had been served and were therefore required to join in its Notice of Removal." *Id.* at *2. In this case, although the county records allegedly did not reveal the Jefferson County return of service, Lt. Toth's filing should have alerted Removing Defendants that Tisdale had been served. Thus, the court rejects Removing Defendants' argument that they could not have reasonably known that Tisdale had been properly served. *See Anglada v. Roman*, No. 06 Civ. 10173, 2006 WL 3627758, at *1 (S.D.N.Y. Dec. 12, 2006) (remanding case when defendant did not obtain consent from co-defendants served prior to removal even though removing defendant found no returns of service upon checking state court records).

Although "exceptional circumstances" may relieve a defendant from § 1446's strict requirements, *see Getty Oil Corp.*, 841 F.2d at 1263 n.12, the Fifth Circuit has rarely excused a removing defendant from obtaining consent from co-defendants within the thirty-day period. *Garner v. Hyken*, Civil Action No. 10-4135, 2011 WL 1002098, at *2 (E.D. La. Mar. 18, 2011).

8

Moreover, "[t]he few district courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings." *Id.* The court finds no such circumstances present here. More importantly, in cases where the court examined whether exceptional circumstances existed, the defendant eventually consented. *See, e.g.*, *Castro v. Fed. Express Corp.*, 880 F. Supp. 497, 498 (S.D. Tex. 1995). Tisdale has provided no written affirmation to the court indicating that he consents to removal of this case. The court disagrees with Removing Defendants' assertion that consent was eventually obtained from Tisdale because he "voiced no opposition to [removal]." Removing Defendants apparently made this assumption after Lt. Toth failed to respond to two e-mails sent by Removing Defendants' counsel requesting consent for removal in August 2012. As explained above, silence is not valid consent and does not satisfy the provisions of § 1446. *See Gillis*, 294 F.3d at 759 ("This rule simply requires that there be 'some timely filed written indication from each served defendant . . . that it has actually consented to such action.'" (quoting *Getty Oil Corp.*, 841 F.2d at 1262 n.11)). Instead of alerting the court about their unsuccessful attempts to obtain consent from Tisdale, Removing Defendants waited until filing their response to Tilley's motion to remand, well after the thirty-day period for Tisdale to consent, to explain that Tisdale has been unresponsive to counsel's e-mails. Therefore, Tisdale's silence does not relieve Removing Defendants from the consent requirements of § 1446.

Finally, Removing Defendants assert, in a conclusory manner, that remand would be manifestly unfair due to Tisdale's request for stay. Specifically, they argue that the stay, if granted, would render Tisdale a nominal, non-participating party to the lawsuit. The Removing Defendants, however, failed to brief, and the court was unable to unearth any cases addressing, the effects of a stay under § 522 of the SMCRA on removal procedures. Moreover, Removing

9

Defendants do not argue that Tilley has no cognizable claim against Tisdale or that he was improperly joined, which would render consent unnecessary. *See* 28 U.S.C. § 1446(b)(2)(B). Therefore, failure to obtain Tisdale's consent is not excused under these circumstances.

Despite maintaining a contrary position in their briefing, Removing Defendants have the burden to establish the propriety of removal. When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth*, 625 F. Supp. 2d at 382 (quoting *Albonetti*, 520 F. Supp. at 827). In this situation, Removing Defendants have failed to demonstrate that Tisdale was not properly served prior to removal or that they had no reason to know of Tisdale's service.[6]

## III. Conclusion

Based on the foregoing analysis, the court finds that because Cash Money and Universal Music's Notice of Removal was procedurally defective, this case was improperly removed and a remand to state court is warranted. Accordingly, Tilley's Motion to Remand is GRANTED. An order remanding this action to the 136th Judicial District Court of Jefferson County, Texas, will be entered separately.

---

[6] Because Removing Defendants failed to obtain the requisite consent from Tisdale to remove this action, the court will not address whether Tilley's claims are preempted under the Copyright Act, 17 U.S.C. § 301. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, No. H-08-1460, 2008 WL 5141029, at *2 (S.D. Tex. Dec. 8, 2008) ("[E]ven if federal jurisdiction exists, based on complete preemption or otherwise, a federal court cannot hear a removed case unless the removal procedure is properly followed.") (citing *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)); *see also id.* at *5 n.4 (explaining that it will be for the state court to determine whether the plaintiff's claims are preempted (citing 5 WILLIAM F. PATRY, PATRY ON COPYRIGHT § 17:23 (2008)).

SIGNED at Beaumont, Texas, this 27th day of December, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE